Aguirre *v.* Allen.

————————— ♦ ————————

Same Term.    *Before the same Justices.*

Aguirre and others *vs.* Allen & Poillon.

Where, upon the making of a contract of sale and purchase, a broker acts
merely to bring the parties together, after which the parties negotiate with
each other directly, and the broker makes an entry of the sale, in his book,
such entry will not bind either party. Nor will it prevent either party from
giving parol evidence of the contract.

An agreement, made upon the sale and purchase of goods, between the vendor
and purchaser, that if the government shall allow to the former return du-
ties upon the goods, the purchaser shall have the benefit of, and be paid,
by the vendor, the amount of such duties, is not void under the statute of
frauds as being for the sale of a chose in action, or of a gratuity.

Where by the terms of an agreement for the sale and purchase of goods, cash
is to be paid on the delivery of the goods, payment of the money is suffi-
cient evidence that the goods have been delivered, in pursuance of the
contract; for the purpose of taking the case out of the statute of frauds

Aguirre *v.* Allen.

THIS was a writ of error on a judgment rendered by the New-York common pleas. The action below was brought by Allen & Poillon against Aguirre & Galway. It was assumpsit, on a special agreement of the defendants that if the plaintiffs would buy of them 8,900 boxes of raisins at $1,70 per box, to be paid for in cash on delivery, deducting $3\frac{1}{2}$ per cent for cash payment, the plaintiffs should have the benefit of, and be paid, by the defendants, the amount of such return duties as the government should allow to the defendants. The declaration alledged the delivery of the raisins and the payment of the price agreed on for them; that the defendants had received on the 13th of March, 1846, $862,51 from the government, for return duties, and refused to pay the amount to the plaintiffs. The common counts were also added.

Wyckoff was a broker employed by the defendants to make the sale, but not by the plaintiffs to purchase. He called on the plaintiffs, and then the terms of sale were made between the parties directly; without his agency. He testified, " the defendants agreed to sell the raisins to the plaintiffs at $1,70 per box, with $3\frac{1}{2}$ per cent off for cash. The plaintiffs claimed to be paid *the reduction of duties, if any were allowed by the government.* Poillon asked if any return duties had been received. The defendants said '*no.*' He then asked whether, if any should be received, he would not have the benefit of them, and the defendants said 'he should.' One hour, after the conversation, was given to Poillon to decide whether he would take the raisins, and within that time he agreed to take them." The witness added, " The reduction of duties was part of the negotiation *between the parties,* and the defendants did not object to giving to the plaintiffs the return duties." Half an hour after Poillon had given his acquiescence to the purchaser, but after he had left the broker's office, the broker made an entry of the terms of sale, in his book. He never gave a copy of that to the plaintiffs, but did to the defendants. He afterward gave to the defendants a memorandum of the sale, which was produced, but which he said was *not* a correct copy from his book. He also testified that he

Aguirre *v.* Allen.

did not know that the plaintiffs ever saw the memorandum in his book.

It was proved that the defendants had received from the government return duties for damage by rain, amounting to $862,51; and that the plaintiffs paid for the raisins, part in the same month and part in the next.

The defendants moved for a nonsuit, which was denied, and the defendants excepted. They also objected that parol evidence could not be given of the contract, and that the entry in the broker's book was the proper evidence of the bargain.

The jury, by the direction of the judge, rendered a verdict for the plaintiffs for $895,21 damages, and the defendants brought a writ of error.

*F. B. Cutting,* for the plaintiffs in error.

*J. Leveridge,* for the defendants in error.

*By the Court,* MITCHELL, J. By the terms of the sale cash was to be paid on the delivery of the raisins. The payment of the cash is sufficient evidence that the raisins were delivered in pursuance of that contract. Goods in such cases are often delivered a few days before payment; but among merchants of standing the payment never precedes the delivery. The quantity was such (8900 boxes) that very naturally the payments were not made at once, but (as stated) some in that month and some in the next—probably as the deliveries were made. If they never were delivered, then the plaintiffs, under their common counts, would have been entitled not to the $862,51 only, but to the whole price paid by them.

It must be assumed, therefore, that the raisins were delivered, in pursuance of the contract of sale, and paid for pursuant to that contract—no other contract being proved; especially when the case does not show that the ground was assumed, below, that the raisins were not delivered.

The contract was not made by the broker. He merely brought the parties together, and then they made their own contract.

Aguirre v. Allen.

He was not employed by the plaintiffs at all, and was not their agent, and did not pretend to act for them. He made some memorandum of the sale, and sent a copy of it to the defendants, but never sent a copy to the plaintiffs ; nor did they ever see it. That entry could not affect the plaintiffs ; for he was not their authorized agent. In the purchase they acted for themselves, and directly with the sellers. The broker only acted to bring the parties together, and never made any bargain in relation to it. His entry, therefore, bound no one, and probably was made only for the purpose of enabling him to make the proper charge against the defendants, for effecting the sale.

The court was right, therefore, in admitting the parol evidence of the contract. That was the only contract that was made. The court below did not exclude the book ; and they were right in excluding the copy memorandum offered, for another reason, viz. that it was not a correct copy from the book.

It is contended that the contract is void under the statute of frauds ; that it was for a sale of a chose in action, or of a gratuity, viz. the right to the return duties. This is a mistake of the contract. It was not to transfer the right to claim the duties from the government, but a contract on the part of the defendants that if any thing should be received by them from the government the plaintiffs should have the benefit of it. In other words, that the defendants should receive the return duties and pay them over to the plaintiffs. Those duties were 15 per cent. The contract then was substantially that if the defendants should receive those duties they would return 15· per cent to the plaintiffs, and reduce the price so much. If the duties had been returned on the day of the contract the plaintiffs would have been bound to pay just so much the less. And it can not affect their rights that they have paid promptly.

The statute of frauds can not apply ; for the goods were delivered ; not merely a part of them, but the whole. That bound the contract—bound the plaintiffs so that after that they could not escape from the contract, if the raisins had been destroyed the next moment, or if the return duties had never been allowed. And it equally bound the defendants. The law, instead of pre-

---
Whitlock *v.* Roth.
---

venting, would encourage fraud, if after a contract had been completely executed on one side, and in part on the other, it could be avoided in part by the party who had only fulfilled a part; and that too without returning the consideration for that part of the contract. If the defendants can avoid this part of the contract, they must refund the consideration on which it was made. And that would be to refund the like amount of the purchase money paid to them.

The judgment below should be affirmed with costs.

---

SAME TERM. *Before the same Justices.*